UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED\* CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012\* |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Diane Faber | |

**Proceedings:**   **(In Chambers:) TIME RECORDS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), (5), (6)** (filed 3/09/12)

**TIME RECORDS, INC.'S MOTION FOR SANCTIONS** (filed 3/09/12)

## I.   INTRODUCTION AND BACKGROUND

On May 19, 2011, plaintiff June Jackson filed the instant action against the estate of Robert Chad a.k.a. the estate of Robert Ellen (the "Estate"); Time Records, Inc. ("Time"); Warner/Chappell Music, Inc., as successor in interest to Molique Music; and Does 1–10, alleging copyright infringement pursuant to 17 U.S.C. § 501(b).

On January 5, 2012, plaintiff filed his first amended complaint ("FAC"). Plaintiff alleges that in 1962, he wrote the song "Oh My Angel" and licensed it to defendants. FAC ¶¶ 6–7. According to plaintiff, he then registered a copyright for the song in 1979 and renewed the copyright in 2002. Id. ¶ 8. Plaintiff alleges that his U.S. copyright registration is identified as document no. V1713P356 and his U.S. copyright renewal as document no. V3484D478. Id. Plaintiff alleges that defendants infringed this copyright in 2006 when they gave unauthorized use of the song for the film "Southland Tales." Id. ¶ 10.

On March 12, 2012, Time filed a motion to dismiss the action for (1) failure of service of process pursuant to Fed. R. Civ. P. 12(b)(5); (2) failure to timely serve the summons and complaint pursuant to Fed. R. Civ. P. 4(m); and (3) failure to state a claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

for relief pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Time also requested sanctions pursuant to the Copyright Act and Rule 11.

On March 14, 2012, plaintiff filed his opposition. On March 26, 2012, Time filed its reply. The Court heard oral argument on April 9, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

**B.    Fed. R. Civ. P 12(b)(5)**

In order for federal courts to exercise personal jurisdiction over defendants, each defendant must be served "in substantial compliance with Rule 4." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Defendants can challenge the sufficiency of service through a Rule 12(b)(5) motion. See Fed. R. Civ. P. 12(b)(5). The burden is on the plaintiff to establish the validity of service. Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985). However, "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994). "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." Id.

**C.    Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

#### A.  Time's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Time appears to contend that the Court lacks jurisdiction over this action because plaintiff lacks standing since he does not own the copyright for "Oh My Angel," which is a prerequisite to suit. Mot. at 7–8 (citing 17 U.S.C. §411(a)).

The Court rejects this argument. "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject matter jurisdiction." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241 (2010). In Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612 (9th Cir. 2010), the plaintiff filed a copyright infringement suit before obtaining a valid U.S. copyright registration. Id. at 614. The district court dismissed the complaint for lack of subject matter jurisdiction. Id. The Ninth Circuit reversed, reasoning that "registration is an element of an infringement claim, rather than a jurisdictional bar." Id. Time's 12(b)(1) motion is apparently based on the same flawed theory as the defendant's motion in that case. Although plaintiff will have to prove copyright registration for "Oh My Angel" to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

prevail on his copyright infringement claim, his failure to do so at this stage does not deprive the Court of subject matter jurisdiction.

### B.   Time's 12(b)(5) Motion to Dismiss for Insufficient Service

Time argues that the action should be dismissed because plaintiff's original May 2011 complaint was not served until February 13, 2012, well outside the 120 day limitation of Rule 4(m). Mot. at 5. Time further contends that this service was improper because it was delivered to the office of Robert Mandel, Time's business manager, who was not authorized to accept service on Time's behalf.[1]  Mot. at 5. Time also seeks dismissal as to the Estate. Time argues that service on the Estate was improper and that the Estate is not a proper defendant because it was closed shortly after Robert Chad's death in 1985. Mot. at 3.

In opposition, plaintiff asserts that Time was actually served on June 16, 2011, which was acknowledged by Time's counsel. Opp'n at 4. Alternatively, plaintiff argues that service was justifiably delayed because defendant failed to provide the contact information of an agent for service to the Secretary of State as required by California Corporations Code § 1502. Id. at 5.

The Court declines to dismiss this action for ineffective service of process. If a defendant is not properly served within 120 days after the complaint is filed, the Court has discretion to dismiss without prejudice or to order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, the Court must extend the time if plaintiff shows good cause. Id. Here, plaintiff has shown good cause for the delay in that contact information for Time's agent for service of process was not easily discoverable. In any event, there is no need to effectuate service at this stage because Time is now in receipt of the summons and complaint. See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("[A]ctual receipt of process by the correct person may be a factor in finding process valid when there are other factors that make process fair."). With respect to the Estate, the Court finds that Time does not have standing to assert arguments as to the propriety of service on the Estate. Accordingly, Time's motion to dismiss for insufficient service is DENIED.

---

[1] Time asserts that plaintiff has made no effort to serve the FAC. Faber Decl. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

**C.   Time's 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Time argues that plaintiff's copyright infringement claim must be dismissed because the copyright registrations on which he relies do not establish any rights on his behalf. Mot. at 7–8; Farber Decl. ¶ 5. In support, Time requests that the Court take judicial notice of the two U.S. copyright registrations relied upon in plaintiff's complaint, document nos. V1713P356 and V3484D478, which do not identify plaintiff as the copyright registrant. Id.; Exhs. 5, 6. Time also attaches a 1961 written agreement by which plaintiff purportedly conveyed all rights in "Oh My Angel" to Clifton Music Company, which in turn filed a copyright registration in 1962. Exh. 4.

In opposition, plaintiff argues that the documents Time offers are forgeries and therefore not judicially noticeable. Opp'n at 8.

Although the Court agrees with plaintiff that the contents of the documents Time submits cannot be judicially noticed, the Court nevertheless GRANTS Time's 12(b)(6) motion without prejudice.[2] In reaching this conclusion, the Court finds that the FAC fails to put Time on notice of the nature of the claim against it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal citations omitted). Here, it is unclear whether plaintiff is alleging: (1) that he was falsely led to believe that the copyright and its renewal would be registered in his name or (2) that he personally registered and renewed the copyright, and that the documents relied upon by Time are forged. If plaintiff's theory is that he was misled into believing that the copyright and its renewal would be in his name, plaintiff must amend his complaint to specifically reflect that allegation. If plaintiff's theory is that the defendants forged documents to fraudulently obtain ownership of plaintiff's copyright, plaintiff must submit copies of his registration and renewal.

---

[2] While courts may take judicial notice of matters of public record, they cannot take judicial notice of disputed facts stated within public records. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001). Here, plaintiff specifically questions the authenticity the documents Time has submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4302 CAS (CWx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | JUNE JACKSON v. ESTATE OF ROBERT CHAD, ET AL. | | |

## IV.  CONCLUSION

In accordance with the foregoing, the Court DENIES Time's 12(b)(1) and 12(b)(5) motions.  The Court GRANTS Time's 12(b)(6) motion on behalf of itself without prejudice.  The Court DENIES Time's motion on behalf of the Estate without prejudice to its renewal if and when Time demonstrates standing on behalf of the Estate.  The Court DENIES Time's motion for sanctions.  Plaintiff shall have **twenty (20)** days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |